[No. A085462. First Dist., Div. Five. May 11, 2000.]

MISSION HOUSING DEVELOPMENT COMPANY et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*It is ordered that the opinion filed herein on May 11, 2000, be certified for publication with the exception of part II.A.

**COUNSEL**

Divelbiss, Divelbiss & Bonzell, Rod Divelbiss, Mark J. Divelbiss; and Robert Sheldon Beach for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, Jeffrey I. Margolis and Patrick J. Mahoney, Deputy City Attorneys, for Defendant and Appellant.

## OPINION

**JONES, P. J.**—This is an appeal and cross-appeal from a judgment in an action seeking a refund of property taxes. Mission Housing Development Company et al. (hereafter Taxpayers) contend the trial court erred when it (1) refused to order the City and County of San Francisco to value their property at certain levels for certain tax years, and (2) declined to award them attorney fees. The City and County of San Francisco contends the trial court erred when it determined the amount that it must refund to Taxpayers.

We will conclude on the appeal that (1) the trial court correctly declined to order San Francisco to value Taxpayers' property as requested, and (2) Taxpayers have not timely challenged the court's decision to deny their request for attorney fees. On the cross-appeal, we agree the court erred when determining the amount that San Francisco must refund to Taxpayers and will reverse that portion of the judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

We have dealt with this case before (see *Mission Housing Development Co. v. City and County of San Francisco* (1997) 59 Cal.App.4th 55 [69 Cal.Rptr.2d 185] (hereafter *Mission Housing*)), so only a brief statement of facts is necessary.

Taxpayers are 11 corporations and limited partnerships that own low-income housing projects located in San Francisco. In June 1990, they filed a complaint against San Francisco seeking a partial refund of the property taxes they had paid for the 1982-1983 through 1987-1988 tax years. The case was tried by a judge who ruled Taxpayers were not entitled to any refund. Taxpayers then filed an appeal to this court.

Taxpayers raised several issues on appeal, only two of which are relevant at this point. First, they argued San Francisco was required, under Revenue and Taxation Code[1] section 1604, subdivision (c),[2] to place on the

---

[1]Unless otherwise indicated, all further section references will be to the Revenue and Taxation Code.

[2]Section 1604, subdivision (c) states, "If the county assessment appeals board fails to hear evidence and fails to make a final determination on the application for reduction in assessment of property within two years of the timely filing of the application, the taxpayer's opinion of market value as reflected on the application for reduction in assessment shall be the value upon which taxes are to be levied for the tax year covered by the application . . . ."

assessment rolls for tax purposes, the property values Taxpayers had submitted to the assessment appeals board in their application for a reduced assessment. (*Mission Housing, supra,* 59 Cal.App.4th at pp. 73-74.) We agreed and held that Taxpayers were "entitled to have their opinions of value, as stated in their applications for reduction in assessment, inserted on the assessment [rolls] . . . ." (*Id.* at pp. 62-63.) However we ruled Taxpayers were entitled to that remedy "only with respect to tax years 1985-1986 and 1986-1987." (*Id.* at p. 63.)

Second, Taxpayers claimed they were entitled to an award of attorney fees under Government Code section 800. (*Mission Housing, supra,* 59 Cal.App.4th at p. 87.) We declined to decide that issue and instead, remanded in light of our partial reversal to the trial court so it could determine, in the first instance, whether an award of fees under that section was appropriate. (*Id.* at pp. 87-88.)

On remand, the trial court bifurcated the valuation issues from the issue of whether Taxpayers were entitled to an award of attorney fees. On the valuation question, the court ruled Taxpayers were entitled to have their opinions of value, as stated in their application for reduction in assessment, inserted on the assessment rolls for the 1985-1986 and 1986-1987 tax years. The court declined Taxpayers' request to have their opinions of value inserted on the assessment rolls for years other than 1985-1986 or 1986-1987. The court also determined the amount that San Francisco must refund to Taxpayers.

This appeal and cross-appeal followed.

Subsequently, the trial court ruled Taxpayers were not entitled to an award of attorney fees under Government Code section 800.

II.   DISCUSSION

    A.   *Taxpayers' Appeal**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

    B.   *Cross-appeal*

■   San Francisco contends the trial court erred when it determined the amount it must refund to Taxpayers for the 1985-1986 and 1986-1987

*See footnote, *ante,* page 522.

tax years. To understand these arguments, some further background is necessary.

Taxpayers originally filed applications for reduction in assessment with the assessment appeals board listing what they now concede are artificially low values for their property. At the hearing before the board held in October 1988, Taxpayers then *amended* their opinions of value to somewhat higher levels.

After the assessment appeals board denied Taxpayers' request to reduce the assessed values of their properties, Taxpayers filed an administrative claim for a refund with the San Francisco Board of Supervisors. San Francisco contends, and the record shows, that the claim requested a refund based primarily on the amended values that Taxpayers had submitted at the hearing before the assessment appeals board. The board of supervisors denied Taxpayers' claim.

Taxpayers then filed the underlying complaint seeking a refund of the excess taxes they had paid. The trial court ruled Taxpayers were not entitled to any refund, so they filed an appeal to this court. On appeal, we ruled, inter alia, that Taxpayers were "entitled to have their opinions of value, as stated in their applications for reduction in assessment, inserted on the assessment [rolls] . . . [for] tax years 1985-1986 and 1986-1987." (*Mission Housing, supra,* 59 Cal.App.4th at pp. 62-63.)

On remand, the trial court followed our direction and ruled that Taxpayers' opinions of value as stated on their applications for reduction in assessment must be inserted on the assessment rolls for the 1985-1986 and 1986-1987 tax years. However the court was also required to address a new issue that was not within the scope of the prior appeal. Specifically, the court had to decide how to calculate the amount that San Francisco must refund to Taxpayers for the 1985-1986 and 1986-1987 tax years.

Taxpayers argued that the refund should be measured by the difference between the amount they had paid in taxes, and the amount that was due based on the concededly low property values which they listed in the applications for reduction in assessment filed with the assessment appeals board. San Francisco took the position that the refund should be measured by the difference between the amount Taxpayers had paid, and the amount due based on the amended (and somewhat higher) property values Taxpayers had submitted in their claim for a refund to the San Francisco Board of Supervisors. The trial court accepted Taxpayers argument. San Francisco now contends the trial court erred. We agree.

Section 5142 states that an action seeking a refund of taxes paid "shall [not] be commenced or maintained . . . unless a claim for refund has first been filed . . . ."

Section 5143 states, that "If a claim for refund relates only to the validity of a portion of an assessment, *an action may be brought . . . only as to that portion.*" (Italics added.)

Reading these two statutes together, we conclude that a taxpayer who files a refund action can recover no more than the amount he sought in his underlying claim.

Here, Taxpayers filed a claim with the San Francisco Board of Supervisors seeking a partial refund measured by the difference between the taxes they had paid, and the amount due based on the higher *amended* property values which they had submitted at the hearing before the assessment appeals board.[3] Taxpayers did *not* seek a refund based on the lower property values that they submitted in their applications to the assessment appeals board. Under the plain language of sections 5142 and 5143, Taxpayers could only file suit to recover, and the court could only award, the amount Taxpayers had submitted in their claim for a refund. We conclude the court erred when it ordered San Francisco to refund taxes based on the property values Taxpayers had submitted in their applications to the assessment appeals board.

The result we reach is consistent with case law. The general rule applicable in tax cases is that the "claim for refund delineates and restricts the issues to be considered in a taxpayer's refund action. . . ." (*Atari Inc. v. State Bd. of Equalization* (1985) 170 Cal.App.3d 665, 672 [216 Cal.Rptr. 267] citation and footnote omitted; see also *Jimmy Swaggart Ministries v. State Bd. of Equalization* (1988) 204 Cal.App.3d 1269, 1290 [250 Cal.Rptr. 891].) Our conclusion is also consistent with the rule that statutes governing administrative tax refunds procedures must be strictly enforced. (*Kuykendall v. State Bd. of Equalization* (1994) 22 Cal.App.4th 1194, 1203 [27 Cal.Rptr.2d 783].)

---

[3]At oral argument, Taxpayers asserted that they also sought a refund based on the values they submitted in their applications for reduced assessment under section 1604. The record does not support the assertion. Taxpayers' claim for a refund states, in pertinent part, "Attached hereto, marked 'Exhibit A' and incorporated herein by reference as though set forth in full at this point, is a list showing the values which in Claimants' opinions the Board should have set for each property for each year in question. *The difference between these values and the values . . . in fact set by the Board . . . when multiplied by the annual tax rate in force for each property for each year in question, equals the amount of the property tax refund requested for each of the properties for each year in question.*" (Italics added.)

Taxpayers contend they are entitled to a refund based on the values they submitted in their applications to the assessment appeals board because, in the prior appeal, we ruled Taxpayers were "entitled to have their opinions of value, as stated in their applications for reduction in assessment, inserted on the assessment [rolls] . . . [for] tax years 1985-1986 and 1986-1987." (*Mission Housing, supra,* 59 Cal.App.4th at pp. 62-63.) However Taxpayers' argument is premised on the assumption that a party's right to a refund is invariably based on the values that are on the tax rolls. That is incorrect. "There is a distinction between the reduction in a base-year value and a right to a refund of taxes." (*Osco Drug, Inc. v. County of Orange* (1990) 221 Cal.App.3d 189, 193 [272 Cal.Rptr. 14]; see also *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 34 [84 Cal.Rptr.2d 715].) "Correction of the base-year value figure does not automatically entitle the taxpayer to a refund. [Citation.] Refunds are governed by separate provisions of the code, and the taxpayer may only recover a refund by complying with those statutes. [Citation.]" (*Sunrise Retirement Villa v. Dear* (1997) 58 Cal.App.4th 948, 961 [68 Cal.Rptr.2d 416].)

Here, while we ruled in the prior appeal that Taxpayers were entitled to have their opinions of value, as stated in their applications for reduction in assessment, inserted on the tax rolls for the 1985-1986 and 1986-1987 tax years, we did not state, nor did we imply, that the court was obligated to calculate Taxpayers' refund based on those values. Rather, Taxpayers were obligated to comply with the statutes governing refunds. The manner in which Taxpayers complied with those statutes effectively limited the amount they were entitled to recover.

III. DISPOSITION

The judgment is reversed to the extent it determines the refund to which Taxpayers are entitled for the 1985-1986 and 1986-1987 tax years. That refund must be calculated based on the property values Taxpayers submitted to the board of supervisors in their claim for a refund.

In all other respects, the judgment is affirmed. Costs on appeal are awarded to the City and County of San Francisco.

Stevens, J., and Kramer, J.,* concurred.

A petition for a rehearing was denied June 9, 2000, and the petition of plaintiffs and appellants for review by the Supreme Court was denied August 16, 2000. Mosk, J., was of the opinion that the petition should be granted.

---

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.